UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
**ANTHONY CAPUANO**,
:
                        Plaintiff,
:
                                              :   **MEMORANDUM DECISION AND**
                                                  **ORDER**
        – against –                           :
                                                  24-CV-05486 (AMD) (JMW)
                                              :
**STEPHEN BRASLOW; RAYMOND A.**
**TIERNEY; TIM SINI**,                        :
                                              :
                        Defendants.           :
------------------------------------------------------------- X
                                              :
**ANTHONY CAPUANO**,
                                              :
                        Plaintiff,
                                              :
                                                  24-CV-05487 (AMD) (JMW)
        – against –                           :
                                              :
**JENIFER FUCHS; KRISTA M. DIXON;**           :
**TERESA HUFF; ELISE SETTEDUCATTI;**
**THOMAS J. SPOTA**,                          :
                                              :
                        Defendants.           :
                                              :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

        The *pro se* plaintiff, an inmate at the Collins Correctional Facility, brought two actions

pursuant to 42 U.S.C. § 1983.  In the first, he sues Suffolk County Judge Stephen Braslow,

Suffolk County District Attorney Ray Tierney, and former Suffolk County District Attorney Tim

Sini.  In the second case, he sues court reporters Jenifer Fuchs, Krista Dixon, Teresa Huff, and

Elise Setteducatti, as well as former Suffolk County District Attorney Thomas Spota.  The Court

consolidates these actions solely for the purpose of this order.  *See Gu v. Zeng*, No. 23-CV-4168,

2023 WL 4138519, at *1 (E.D.N.Y. June 22, 2023).  The plaintiff's requests to proceed *in forma pauperis* ("IFP") are granted.  For the reasons discussed below, the actions are dismissed.

## BACKGROUND

The plaintiff brought both actions on August 2, 2024.  In case No. 24-CV-5486, the plaintiff asserts that Suffolk County Judge Stephen Braslow and Suffolk County District Attorneys Tim Sini and Ray Tierney denied him copies of grand jury transcripts from his state court criminal proceedings in 2016.  (*See* No. 24-CV-5486, ECF No. 1 at 4.)

In case No. 24-CV-5487, the plaintiff asserts that court reporters Jenifer Fuchs, Krista M. Dixon, Teresa Huff, and Elise Setteducatti "falsified transcripts."  (*See* No. 24-CV-5487, ECF No. 1 at 4.)  He alleges that his "counsel said I've filed several motions that haven't been recorded why aren't you typing," although the plaintiff does not specify to which court reporter this statement refers.  (*Id.*)  Although he names Thomas Spota, he makes no factual allegations about him.  (*See id.*)

The plaintiff seeks as relief the reversal of his criminal conviction and money damages. (*See* No. 24-CV-5486, ECF No. 1 at 5; No. 24-CV-5487, ECF No. 1 at 5.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests.

*Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  In addition, pursuant to the IFP statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915(e)(2)(B).

## DISCUSSION

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'"  *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

I.     *Heck* and *Preiser* **Doctrines**

The plaintiff's § 1983 claims — that the defendants falsified transcripts and denied him copies of grand jury transcripts from his state court criminal proceedings — are barred by Supreme Court precedent.  First, in *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973), the Supreme Court held that "habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."  411 U.S. at 490.  Here, the plaintiff seeks reversal of his state criminal conviction and release from prison; thus, he is "attacking the validity of the fact . . . of [his] confinement."  *Preiser*, 411 U.S. at 490.  (*See* No. 24-CV-5486, ECF No. 1 at 5; No. 24-CV-5487, ECF No. 1 at 5.)  The proper avenue for this claim is a federal habeas petition, pursuant to 28 U.S.C. § 2254.  Indeed, the plaintiff has a pending petition for a writ of habeas corpus before this Court, in which he raises the same claim of falsified transcripts.  (*See Capuano v. Ambro*, No. 24-CV-1610, ECF No. 1 at 3.)

*Heck v. Humphrey*, 512 U.S. 477 (1994) further bars the plaintiff's claim.  *Heck* mandates that "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (citing *Heck*, 512 U.S. at 487).  For the reasons discussed above, the plaintiff seeks to invalidate his state conviction; under *Heck*, this bars the plaintiff's requested relief of money damages.

Moreover, in *Heck*, the Supreme Court required a § 1983 litigant to prove the "favorable termination" of the underlying criminal process.  *Heck*, 512 U.S. at 484.  The plaintiff's claim is therefore barred for an additional reason under *Heck* because he has not alleged that his

4

conviction or sentence has been favorably terminated or invalidated; the plaintiff's pending habeas petition demonstrates that it has not.

Accordingly, *Heck* and *Preiser* bar the plaintiff's § 1983 claims.

## II.   Immunity

In addition, the plaintiff's claims against the defendants are barred because each defendant is entitled to either absolute or qualified immunity.

### a.   Judge Braslow

The Federal Courts Improvement Act of 1996 provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); *see e.g.*, *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005). Furthermore, judges are absolutely immune from suits for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *accord Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. "[E]ven allegations of bad faith or malice cannot overcome judicial immunity," *id.* at 209, because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation," *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Here, the plaintiff asserts that Judge Braslow denied him copies of the grand jury transcripts. (*See* No. 24-CV-5486, ECF No. 1 at 4.) Taking the allegation in the complaint as true, denying the plaintiff a copy of a grand jury transcript was within Judge Braslow's official capacity as a judicial officer. *Mireles*, 502 U.S. at 11. Nor has the plaintiff alleged that a declaratory decree was violated or that declaratory relief was unavailable in state court.

*Huminski*, 396 F.3d at 74.  Accordingly, Judge Braslow is immune from the plaintiff's suit for both damages and injunctive relief.  *See* 28 U.S.C. § 1915A(b).

### b.      District Attorneys

The plaintiff's claims against Suffolk County district attorneys Sini and Tierney are also barred on immunity grounds.[1]  The plaintiff asserts that Sini and Tierney were involved in denying him grand jury transcripts, although he does not specify what they did.  (*See* No. 24-CV-5486, ECF No. 1 at 4.)  The doctrine of absolute immunity shields a prosecutor from liability for monetary damages in § 1983 suits brought against prosecutorial actions that are intimately associated with the judicial phase of the criminal process and their role as advocates.  *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 428, 430 (1976)); *Pass v. New York State*, No. 22-CV-03865, 2022 WL 3566550, at *3 (E.D.N.Y. Aug. 18, 2022).  Moreover, a suit for monetary damages against a district attorney or an assistant district attorney, in his or her official capacity, is a suit against New York State and is barred by the Eleventh Amendment.  *See Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 535–36 (2d Cir. 1993) (reaffirming that the Eleventh Amendment bars official-capacity suits based "on decisions whether or not, and on what charges, to prosecute").

The plaintiff's claims against Sini and Tierney are based on their actions in the scope of their prosecutorial duties, during the course of the criminal case they prosecuted against the plaintiff.  Accordingly, the claims against Sini and Tierney are barred by the doctrine of absolute immunity.  *Van de Kamp*, 555 U.S. 335; *Ying Jing Gan*, 996 F.2d at 535–36.

---

[1] In addition, the plaintiff makes no factual claims against Spota.  In the body of the complaint, he asserts only that court reporters "falsified transcripts."  (*See* No. 24-CV-5487, ECF No. 1 at 4.)  In any event, to the extent that the plaintiff intends to claim Spota was involved in the denial of grand jury transcripts, that claim is barred on immunity grounds for the same reasons as discussed above with respect to Sini and Tierney.

c.      **Court Reporters**

Finally, the plaintiff's claims against the court reporters are barred by qualified immunity. Court reporters are entitled to qualified immunity from suit for civil damages as long as their conduct does not violate clearly established federal rights.  *See Curro v. Watson*, 884 F. Supp. 708, 724 (E.D.N.Y. 1995), *aff'd*, 100 F.3d 942 (2d Cir. 1996).  As discussed above, the plaintiff does not allege any facts suggesting that the court reporters violated any of his clearly established federal rights; accordingly, they are also entitled to qualified immunity from this lawsuit.  *See McCaw v. McPartland*, No. 17-CV-6431, 2018 WL 10701609, at *2 (S.D.N.Y. Apr. 2, 2018) (granting qualified immunity to court reporter who allegedly provided inaccurate transcriptions).

## CONCLUSION

The plaintiff's complaints are dismissed without prejudice for lack of subject-matter jurisdiction.  *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) ("Disposition of the case on *Heck* grounds, . . . warrants only dismissal *without* prejudice, because the suit may be reinstituted should plaintiff's conviction be expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." (internal quotations omitted)); *Miller v. Cnty. of Nassau*, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006) (a dismissal "based on a finding of judicial immunity" is for lack of subject-matter jurisdiction); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996) (Claims barred by Eleventh Amendment immunity are properly dismissed for lack of subject matter jurisdiction).

The Court will not grant the plaintiff the opportunity to amend his complaints.  *See Harty v. West Point Realty*, 28 F.4th 435, 445 (2d Cir. 2022) ("A dismissal for lack of jurisdiction

without leave to amend is not the same thing as a dismissal with prejudice.").  Generally, a court should grant a *pro se* plaintiff leave to amend "[i]f a liberal reading of the pleading 'gives any indication that a valid claim might be stated.'"  *Briggs v. Women in Need, Inc.*, 819 F. Supp. 2d 119, 125 (E.D.N.Y. 2011) (citations omitted).  However, "leave to amend may properly be denied if the amendment would be futile."  *Monbo v. Nathan*, 623 F. Supp. 3d 56, 143 (E.D.N.Y. 2022).  A complaint is futile when, as a matter of law, any "proposed amendments would fail to cure prior deficiencies."  *Id.*  Where the deficiencies are substantive rather merely the consequence of "inartful" pleading, repleading would be futile and leave to amend should be denied.  *Id.* at 144.  "[L]eave to amend is not warranted 'where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction or that a claim cannot be stated as a matter of law.'"  *Hardie v. United States*, 501 F. Supp. 3d 152, 162 (E.D.N.Y. 2020) (citations omitted).

An amendment cannot reasonably be expected to cure the substantive defects that require dismissal now — specifically, lack of subject-matter jurisdiction — so granting leave at this juncture would be futile.  *See, e.g.*, *Dixon v. Raymat*, No. 22-CV-10910, 2023 WL 2917309, at *5 (S.D.N.Y. Apr. 11, 2023) (denying *pro se* plaintiff leave to amend where plaintiff's claims were barred by judicial immunity).  Under these circumstances, repleading would be futile, and the complaints are dismissed without leave to amend.

The Clerk of Court is respectfully directed to enter judgments, mail a copy of this Memorandum and Order to the *pro se* plaintiff, and note the mailing on the docket for both actions.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore, IFP status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S.438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
        August 22, 2024